IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE LEE REAM,

          Plaintiff,

v.

REED PAULSON, Doctor, Oregon State Penitentiary,

          Defendant.

Case No. 6:21-cv-00332-JR

OPINION & ORDER

RUSSO, Magistrate Judge:

Defendant Reed Paulson moves for summary judgment on the federal claims in plaintiff's Complaint on the ground that plaintiff failed to exhaust his available administrative remedies before filing this action. ECF 14. Defendant also moves for summary judgment on the ground that plaintiff's official capacity claim is barred under the Eleventh Amendment, which plaintiff does not contest. *Id.* For the reasons stated below, defendant's motion is granted in part on the official capacity claim and denied in part on defendant's exhaustion defense.

## BACKGROUND

Plaintiff filed this Complaint on March 3, 2021 bringing four federal claims under 42 U.S.C. § 1983 and one state law tort claim against defendant Dr. Reed Paulson. ECF 1. Plaintiff alleges that while housed at the Oregon State Penitentiary (OSP) in Salem, Oregon, defendant Paulson violated plaintiff's Eighth and Fourteenth Amendment rights to be free from deliberate indifference to his serious medical needs and committed the state law tort claim of negligence. Defendant allegedly did so when he failed to diagnose plaintiff as being at risk for a major heart

Page 1 – OPINION & ORDER

attack despite complaints of chest pains, and when an x-ray failed to reveal that plaintiff suffered from clogged arteries. *Id.* at 2-7. Plaintiff also alleges that because of defendant Paulson's misdiagnosis, malpractice, and deliberate indifference, he suffered from a near fatal heart attack that caused permanent damage to his mental and physical health. *Id.* at 7. On summary judgment, defendant argues plaintiff failed to exhaust available administrative remedies before filing his complaint as required by the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(a). The parties do not dispute that plaintiff filed a grievance for his complaints of chest pain and his heart attack, or that his grievance was short-circuited at the second appeal level because plaintiff filed a tort claim notice and this Complaint. *See* ECF 15 ¶¶ 11-17. These are the key facts underlying defendant's exhaustion defense, and they are undisputed.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

Defendant's motion for summary judgment raises a failure-to-exhaust defense under the Prison Litigation Reform Act ("PLRA"). "The PLRA requires prisoners to exhaust available

administrative remedies prior to filing a ... lawsuit challenging prison conditions." *Draper v. Rosario*, 836 F.3d 1072, 1078 (9th Cir. 2016) (citations omitted). In *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), the Ninth Circuit held that the defendant bears the burden of proving that an administrative remedy was available to the prisoner and that he failed to exhaust such remedy, because non-exhaustion is an affirmative defense. *Id.* at 1172. "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The Ninth Circuit in *Albino* also clarified that moving for summary judgment is the proper procedure for raising non-exhaustion. *Id.* at 1169-71.

## DISCUSSION

### I.     Plaintiff Failed to Exhaust the ODOC Grievance Process

When available, the Oregon Department of Correction ("ODOC")'s three-level appeal process satisfies the administrative remedies exhaustion requirement of 42 U.S.C. § 1997(e)(a). *See Iniguez v. Templin*, 2019 WL 438547, at *2 (D. Or. Jan. 11, 2019). Under this policy, plaintiff filed the first three levels of grievances, each of which OSP initially accepted for review. *See* ECF 15, Kidwell Decl. ¶¶ 11-16; ECF 18, Ream Decl. ¶¶ 9-15; ECF 21 at 4-5. But under the administrative rules applicable at the time, "[i]f at any time the grievance coordinator determines the inmate has pursued his/her issue through state or federal courts, or has filed a notice of tort claim, the grievance process will cease and the grievance will be returned to the inmate." *See* OAR 291-109-0160(4) and 291-109-0140(3)(g). Plaintiff filed a tort claim notice while his second and final grievance appeal was still pending. ECF 18, Ream Decl. ¶ 15. After realizing that plaintiff had filed a tort claim notice, ODOC returned the second grievance appeal without a response under

Page 3 – OPINION & ORDER

OAR 291-109-0160(4), stating that plaintiff's failure to comply with the administrative rule ended the grievance process. ECF 15, Kidwell decl. ¶ 17. For that reason, under the regulations applicable at the time, plaintiff failed to carry the grievance process through to the end, and failed to exhaust this administrative remedy. Defendant therefore carried its initial burden to show that plaintiff failed to exhaust the ODOC's three-step grievance process before filing suit as required by the PLRA. The burden of production then shifts to plaintiff to show something unique to him that rendered the ODOC grievance process unavailable.

## II.     The ODOC's Grievance Process Was Unavailable to This Plaintiff

Having found that plaintiff failed to exhaust ODOC's grievance process, the Court turns to whether there was "something in [plaintiff's] particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. "[W]here a plaintiff fails to comply with deadlines or procedural rules governing grievances, so that his own failure causes remedies to become 'unavailable,' the mistake is laid at his feet, and it is said that exhaustion was not 'proper.' " *Vega v. Bell*, 2015 WL 413796, at *3 (D. Or. Jan. 29, 2015) (citing *Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006)). Thus, the return of plaintiff's second grievance appeal without a response does not, standing alone, show that the grievance process was not "available." *See Todd v. Or. Dep't of Corr.*, No. 2:16-cv-00878-YY, 2017 WL 2888577, at *2 (D. Or. June 16, 2017) (finding that the plaintiff failed to exhaust administrative remedies when the grievance process ended prematurely due to plaintiff's filling of a tort claim notice). There must have been something outside of plaintiff's control that prevented exhaustion to make the administrative grievance process "unavailable" under the PLRA.

In *Clardy v. Gilmore*, the Ninth Circuit recognized that the tension between prohibiting filing tort claim notices during the grievance process and the statutory tort claim notice

Page 4 – OPINION & ORDER

requirement could render the administrative process unavailable by requiring a plaintiff "to choose between fully exhausting or timely filing a notice of tort claim." 773 F. App'x 958, 960 (9th Cir. 2019), *cert. denied* 140 S. Ct. 946 (2020). *See also Vega*, 2015 WL 413796, at *6 ("[H]ad the prison officials delayed to the point where the [tort claim notice deadline] was imminent," the plaintiff's filing of a tort claim notice while a grievance appeal was pending "would likely be excused"). Courts in this District have further acknowledged that the administrative grievance process can be "effectively unavailable" when a plaintiff files a tort claim notice "only ten days or so" before the tort claim notice deadline and the prison's response to the plaintiff's pending grievance was not due until after the tort claim notice deadline would have expired. *Baker v. Oregon Department of Corr.*, 2018 WL 2225353, at *4 (D. Or. Feb. 20, 2018). In *Baker*, the Court reasoned that, while "cessation of an administrative review process due to a tort claim notice generally does not render administrative remedies unavailable," cases finding failure to exhaust due to filing an early tort claim notice involve a "plaintiff [who] had filed a tort claim notice months, not days, before the 180-day deadline." *Id*. (citing *Vega*, 2015 WL 413796, at *6 ("Here, Mr. Vega filed his notice less than 60 days after the incident, 120 days before his tort claim notice was due."), *Lovelady v. Beamer*, No. 2:14-cv-00769-KI, 2014 WL 7228870, at *3 (D. Or. Dec. 17, 2014). Thus, the grievance process is unavailable only where the tort claim notice deadline is approaching, and the plaintiff must choose between exhausting his administrative remedies or filing a timely tort claim notice.

Plaintiff brings claims against Dr. Paulson for failure to diagnose his risk for a major heart attack despite plaintiff's complaints of chest pains and an x-ray that should have revealed his clogged arteries. ECF 1 at 2-7. To preserve his state law tort claim for negligence, plaintiff had to provide the state with notice "within 180 days after the alleged loss or injury." OR. REV. STAT.

§ 30.275(2)(b). Under Oregon's discovery rule, the Oregon Tort Claims Act ("OTCA") clock is triggered when "a plaintiff knows, or should have known, of a substantial probability that three elements exist: (1) harm; (2) causation; and (3) tortious conduct." *Dickson v. TriMet*, 289 Or. App. 774, 799 (2018). "A plaintiff does not need to identify a particular theory of recovery," before the OTCA clock is triggered. *Curzi v. Or. State Lottery*, 286 Or. App. 254, 267 (2017). The parties agree that the clock for filing a tort claim notice related to Dr. Paulson's alleged failure to diagnose began to run on Dec 6, 2018, making the deadline—at the earliest—June 4, 2019.[1] *See* ECF 14 at 10, ECF 21 at 4. And plaintiff mailed his tort claim notice on Sunday, June 2, 2019, just two days before the deadline. ECF 18, Ream decl. 15¶

The Court finds that the administrative grievance process was unavailable to plaintiff because he aborted the grievance process by filing his tort claim notice only when he was facing the expiration of his tort claim notice deadline (and even then, when his tort claim notice filing was arguably late). As courts in this District have consistently held, when a plaintiff is forced to choose at the deadline between completing the grievance process and filing a timely tort claim notice, the grievance process becomes functionally unavailable. *See, e.g.*, *Baker*, 2018 WL 2225353, at *4. Here, plaintiff waited until two days before the deadline to file his tort claim notice, the very definition of the eleventh hour. Because at that stage the ODOC grievance process forced plaintiff either to file his notice or forfeit his state law claim, so that the process was unavailable, and therefore he did not have to exhaust the ODOC grievance process as a prerequisite to his federal claims under the PLRA. Defendant's motion for summary judgment on this basis is denied.

---

[1] Plaintiff contends that the deadline should be tolled until June 10, 2019 because plaintiff was incapacitated until December 12, 2019. ECF 21 at 11. But the exact deadline for the tort claims notice filing is irrelevant; what is significant is that the deadline was mere days away when he filed his tort claims notice. For purposes of this motion for summary judgment, the Court therefore assumes (without deciding) that defendant is right, and June 4, 2019 was the deadline.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (ECF 14) is granted in part and denied in part. The claims against defendant Paulson in his official capacity are dismissed, and the rest of defendant's motion is denied. Plaintiff's request for oral argument is denied as unnecessary. The parties' Pretrial Order is due 30 days from the date of this Opinion.

DATED this 20th day of September, 2021.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge